## Sevier et al. v. Sevier's Administrator et al.

(Decided Oct. 25, 1935.)

G. M. MANNING, FLEM D. SAMPSON and J. M. ROBSION for appellants.

MURRAY L. BROWN and MARTIN T. KELLY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This appeal involves the settlement of the estate of Sudie Sevier, who died in 1931, intestate, unmarried, and without issue. The settlement of a trust created under the will of William H. Sevier, and under which Sudie Sevier served as trustee, presents the main question for our consideration. It is necessary to construe the will of William H. Sevier in order to determine what persons are entitled to the corpus of the trust. The material portion of the will of William H. Sevier is as follows:

"1st. I give, devise and bequeath all my property both real and personal whereof I may die seized or possessed to the following named persons to share equally one full third part to each Sudie Sevier the unmarried daughter of John R. Sevier, deceased. Nannie Sevier and Alexander Sevier being the children of James Sevier who is the brother of the said Sudie Sevier, all residing in the county and state aforesaid, *to have and to hold the same to themselves that is to say said Sudie Sevier, Nannie Sevier and Alexander Sevier and their heirs and assigns forever.*

"I appoint the said Sudie Sevier, in whom I have the utmost confidence the executrix of this will and authorize her to satisfy any debts claimed to be owing to me or my estate and any liabilities to which I or my estate may be alleged to be subject, upon any evidence she shall think proper and to accept any security for any debt and to allow such time for payment as to her shall seem fit, and also to compromise, or submit to arbitration, and settle all accounts and matters belonging or relating to my estate, and generally to act in regard thereto as she shall deem expedient, without being responsible for any loss thereby occasioned.

"*And I do hereby authorize and empower my said executrix* Sudie Sevier, *to take full control* of my estate, real, personal, and mixed as soon as conveniently may be after my decease, and *to manage the same in such manner as may seem to her best,* also, I hereby empower her to sell and dispose of all my real estate by public or private sale or sales, for the best price or prices that can be gotten for the same, and by proper deed or deeds conveyances or assurances, and perfected, to grant, con-

vey and assure the same to the purchasers thereof in fee simple, and the moneys arising from such sale to be invested or loaned and held in trust by her for the same uses and purposes above set forth.

"I commend said Nannie Sevier and Alexander Sevier to the tender care of my said executrix to whom *I hereby give absolute and unreserved control to the two-thirds part* of my estate herein above given and bequeathed to said Nannie Sevier and said Alexander Sevier and merely request of my said executrix *to advance to either said Nannie Sevier or said Alexander Sevier such sum or sums of their respective parts as in her judgment may seem prudent and best for their welfare.*

"If either said Sudie Sevier or said Nannie Sevier or said Alexander Sevier shall *before the division contemplated above,* have died leaving lawful issue, such issue to receive the parent's share; but if there be no issue then such share or shares to fall into the general fund, to be divided among the survivors in the manner before directed."

After payment of the various expenses relating to the settlement of the estate of William H. Sevier, including the expenses of a contest of his will (Reynolds v. Sevier, 165 Ky. 158, 176 S. W. 961, L. R. A. 1915E, 593), the net estate of Mr. Sevier consisted of approximately $6,000 in cash and various parcels of real estate. Alexander Sevier, who was one of the beneficiaries of the trust, was and is a deaf mute, and it was quite evidently in the mind of the testator, and also in the mind of Miss Sudie Sevier, that his share of the trust should be guarded and preserved, in view of the handicap under which he labored. At some time after the death in 1913 of William H. Sevier, Miss Sudie Sevier paid $2,000 to Nannie Sevier out of the $6,000 in cash coming into her hands as trustee. She retained the other $4,000 and ultimately invested it in two certificates of deposit in the First National Bank at Manchester. One of the certificates now has a face value of $3,154 due to the accumulation of interest thereon and has been clearly identified in the record as the share of Alexander Sevier in the original $6,000 in cash coming from the estate of William H. Sevier. The litigation now before the court was commenced originally by a suit brought by Alexander Sevier against the administrator of Sudie Sevier and the First National Bank at Manchester to

establish title to the certificate of deposit just mentioned. Subsequent to the filing of this first suit, a second suit was brought by Alexander Sevier and Nannie Sevier to settle the estate of Sudie Sevier, naming as defendants her administrator and all of her other heirs. The settlement suit was later consolidated with the suit of Alexander Sevier, and judgment was rendered in both suits. All of the parties below are before this court with the exception of the First National Bank of Manchester. The appellants are the heirs of Sudie Sevier other than Alexander and Nannie Sevier, while the appellees are the administrator of Sudie Sevier and the plaintiffs below.

In 1920 Sudie Sevier sold the greater part of the real estate belonging to the estate of William H. Sevier for approximately $21,000. A third of the purchase money was paid in cash, while the remainder was evidenced by two notes in the sum of $6,958.05 each, payable in one and two years, respectively, after date. The cash payment was turned over by Sudie Sevier to Nannie Sevier and is not now in question. The proceeds arising from the payment of the note due in one year were placed at interest in the East Tennessee National Bank at Knoxville, Tenn. The remaining note has been renewed from time to time and was unpaid at the death of Sudie Sevier. The evidence demonstrates, and the chancellor found, that the deposit made in the East Tennessee National Bank represented the third part of the proceeds from the sale of the property belonging to Alexander Sevier, and the evidence fully justifies conclusion that the deposit in the East Tennessee National Bank was a setting aside of that portion of the estate for the benefit of Alexander Sevier, and that he is entitled, as against the appellants here, to the proceeds of this deposit. A sharp controversy exists as to the disposition to be made of the note for $6,958.05 which remains unpaid. It is contended on behalf of the appellees that this note remained a part of the trust set up in the will of William H. Sevier, and that they, as surviving beneficiaries of the trust, are each entitled to a one-half interest in the note. This was the conclusion reached by the chancellor. Appellants, on the other hand, contend that the will of William H. Sevier gave an absolue or fee-simple estate to each of the three devisees and that they, as heirs of Sudie Sevier, are entitled to a share in one-third of the entire estate of William H. Sevier. It is argued for appellants that "where

an estate is given in one part of a will in clear and decisive terms such estate cannot be taken away or cut down by any subsequent words unless they are as clear and decisive as the words giving the estate.'' The rules for which appellants contend are rules of construction and not rules of substantive law. They are designed for the purpose of arriving at the intention of the testator, and where that intention is clear from the terms of the will itself, no occasion arises for their application. We think the intention of the testator may be clearly discerned from the words of the will italicized above. Compare Walker v. Walker's Administrator, 239 Ky. 501, 39 S. W. (2d) 970. Plainly, the division of the estate referred to by the testator in the last paragraph quoted above from his will refers to advancements made by the trustee to any of the beneficiaries during her lifetime. No other division is mentioned. The testator must have intended that any advancements should constitute pro tanto a division of the estate. Such a division occurred when the $6,000 in cash belonging to the William H. Sevier estate was divided, and a similar division occurred upon the sale of the real estate and the setting aside of the deposit in the East Tennessee National Bank. Plainly, the unpaid note for $6,958.05, as well as the $2,000 in cash, became a part of the individual estate of Sudie Sevier at the time that the division was made. As to the unsold real estate remaining in the estate of William H. Sevier, of course, the plaintiffs Alexander and Nannie Sevier are entitled to one-half each by the terms of the will. The only change which the construction we have placed on the will makes in the judgment of the chancellor is in the division of the note for $6,958.05 remaining in the estate of Sudie Sevier. That note will be divided amongst all of her heirs in the same manner as the rest of her personal estate is distributed.

Appellants likewise complain of the judgment of the chancellor in so far as it directs a partition of certain real estate left by Sudie Sevier, but it will be sufficient to say in response to this and other minor contentions advanced on their behalf that there was ample evidence to justify the conclusion reached by the chancellor in this regard, and we are not disposed to interfere with his findings thereon.

Judgment reversed for proceedings consistent herewith.